## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| PT DIAGNOSTICS, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> (1) HONEYWELL INTERNATIONAL, INC. <br> (2) SAGEM AVIONICS, INC. <br> (3) SAGEM DEFENSE SECURITE <br> (4) SAFRAN, S.A. <br> (5) SIMAUTHOR, INC. <br> (6) AIRBUS S.A.S. <br> (7) QINETIQ NORTH AMERICA, INC. <br> (8) ARINC, INC. <br> (9) FLIGHT DATA SERVICES, INC. <br> (10) GULFSTREAM AEROSPACE CORP. <br> (11) IMPACT TECHNOLOGIES CORP. <br> (12) OPTIMIZED SYSTEMS AND <br>     SOLUTIONS, INC. <br> (13) ROCKWELL COLLINS, INC. <br> (14) SPECTRO, INC., <br><br> Defendants. | CASE NO. 2:10-CV-00493-DF-CE |

## OPTIMIZED SYSTEMS AND SOLUTIONS, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PT DIAGNOSTICS, L.L.C.'S FIRST AMENDED COMPLAINT

Defendant Optimized Systems and Solutions, Inc. (hereinafter "OSyS" or "Optimized Solutions") hereby answers the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff  PT Diagnostics, L.L.C. ("PT Diagnostics") of January 31, 2011.

<u>**NATURE OF THE ACTION**</u>

**This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Plaintiff, PT Diagnostics, L.L.C., makes the following allegations against Honeywell International Inc., Sagem Avionics Inc., Sagem Defense Securite, Safran S.A, SimAuthor Inc., Airbus S.A.S., QinetiQ North America Inc., ARINC Inc., Flight Data Services Inc., Gulfstream Aerospace Corp., Impact Technologies Corp., Optimized Systems and Solutions Inc., Rockwell Collins Inc., and Spectro Inc. (collectively "the defendants").**

<u>**ANSWER:**</u> OSyS admits that PT Diagnostics has filed an action for alleged patent infringement, but OSyS specifically denies any alleged infringement.

<u>**PARTIES**</u>

1.       **PT Diagnostics is a Texas limited liability company having a principal place of business at 207B North Washington Ave., Marshall, Texas 75670.**

<u>**ANSWER:**</u> OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and, therefore, denies each of the allegations.

2.       **On information and belief, Defendant Honeywell International Inc. ("Honeywell") is a Delaware corporation, with its principal office at 101 Columbia Road, Morristown, New Jersey 07962.**

<u>**ANSWER:**</u> OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and, therefore, denies each of the allegations.

3.       **On information and belief, Defendant Sagem Avionics, Inc. ("Sagem Avionics") is a Delaware corporation, with its principal office at 2802 Safran Drive, Grand Prairie, Texas 75052.**

2

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 3 of the Complaint and, therefore, denies each of the allegations.

> **4.      On information and belief, Defendant Sagem Defense Securite ("Sagem Defense") is a French corporation, with its principal office at Le Ponant de Paris - 27, rue Leblanc, 75512 Paris Cedex 15, France.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 4 of the Complaint and, therefore, denies each of the allegations.

> **5.      On information and belief, Defendant Safran S.A. ("Safran") is a French corporation, with its registered office at 2, boulevard du Généra-Martial-Valin, 75015 Paris, France.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 5 of the Complaint and, therefore, denies each of the allegations.

> **6.      On information and belief, Defendant SimAuthor Inc. ("SimAuthor") is a Colorado corporation, with its principal office at 5775 Flatiron Park, Suite 120, Boulder, Colorado 80301.**

**ANSWER:**  OSyS is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies each of the

allegations.

> **7.      On information and belief, Defendant Airbus S.A.S. ("Airbus") is a simplified joint stock company organized and existing under the laws of the State of France, with its principal place of business at 1, Rond Point Maurice Bellonte, 31707 Blagnac Cedex, France.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 7 of the Complaint and, therefore, denies each of the allegations.

> **8.      On information and belief, Defendant QinetiQ North America, Inc. ("QinetiQ") is a Delaware corporation, with its principal office at 7918 Jones Branch Drive, Suite 350, McLean, Virginia 22102.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, therefore, denies each of the allegations.

9. **On information and belief, Defendant ARINC, Inc. ("ARINC") is a Delaware corporation having its principal office at 2551 Riva Road, Annapolis, Maryland 21401.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies each of the allegations.

10. **On information and belief, Defendant Flight Data Services, Inc. ("FDS") is an Arizona corporation having its principal office at 250 N. Litchfield Road, Suite 230, Goodyear, Arizona 85338.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, therefore, denies each of the allegations.

11. **On information and belief, Defendant Gulfstream Aerospace Corporation ("Gulfstream") is a Delaware corporation having its principal office at 500 Gulfstream Road, Savanna, Georgia 31408.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, therefore, denies each of the allegations.

12. **On information and belief, Defendant Impact Technologies Corporation ("Impact Technologies") is a Delaware corporation having its principal office at 200 Canal View Blvd., Rochester, New York 14604.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and, therefore, denies each of the allegations.

13.     On information and belief, Defendant Optimized Systems and Solutions, Inc. ("Optimized Solutions") is a Delaware corporation having its principal office at 1875 Explorer Street, Suite 200, Reston, Virginia 20190.

**ANSWER:** OSyS admits that Optimized Systems and Solutions, Inc. is organized and existing under the laws of the state of Delaware.  OSyS additionally admits that its principal office is at 1875 Explorer Street, Suite 200, Reston, Virginia 20190.

14.     On information and belief, Defendant Rockwell Collins, Inc. ("Rockwell") is a Delaware corporation having its principal office at 400 Collins Road NE, Cedar Rapids, Iowa 52498.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and, therefore, denies each of the allegations.

15.     On information and belief, Defendant Spectro, Inc. ("Spectro") is a Massachusetts corporation having its principal office at 160 Ayer Road, Littleton, Massachusetts 01460.

**ANSWER:**  OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint and, therefore, denies each of the allegations.

## JURISDICTION AND VENUE

16.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** OSyS admits that PT Diagnostics has filed an action for alleged patent infringement, but OSyS specifically denies any alleged infringement. The allegation of jurisdiction in Paragraph 16 of the Complaint constitutes a legal conclusion that requires no response.

17.     **On information and belief, each of the Defendants is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.**

**ANSWER:**   For purposes of this action only, OSyS admits that personal jurisdiction is minimally proper for OSyS in this district.  OSyS lacks sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Complaint as they pertain to defendants other than OSyS and, on that basis, denies each such allegation.

18.     **Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each of the Defendants has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.**

**ANSWER:** For purposes of this action only, OSyS admits that venue is minimally proper for OSyS in this judicial district. OSyS lacks sufficient knowledge to admit or deny the allegations of Paragraph 18 of the Complaint as they pertain to defendants other than OSyS and, on that basis, denies each such allegation.  Notwithstanding the foregoing, OSyS maintains that another venue may be substantially more convenient and OSyS reserves its right to seek transfer of venue pursuant to  28 U.S.C. § 1404.

## CAUSES OF ACTION
## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,567,729

19.     **Plaintiff PT Diagnostics realleges and incorporates by reference paragraphs 1-18 above, as if fully set forth herein.**

**ANSWER:**  OSyS incorporates herein by reference its responses to Paragraphs 1-18.

20.     **Plaintiff PT Diagnostics is the owner by assignment of United States Patent No. 6,567,729 ("the '729 patent") entitled "System and Method of**

> **Analyzing Aircraft Removal Data for Preventative Maintenance." The '729 patent was duly and legally issued by the United States Patent and Trademark Office on May 20, 2003. A true and correct copy of the '729 patent is included as Exhibit A.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegation that PT Diagnostics is the owner by assignment of the '729 patent and, on that basis, denies the allegation. OSyS admits that the title of the '729 patent, as indicated by a copy of the '729 patent obtained from the website of the United States Patent and Trademark Office, is "System and Method of Analyzing Aircraft Removal Data for Preventative Maintenance." OSyS also admits that the issue date for the '729 patent, as indicated by the copy of the '729 patent obtained from the website of the United States Patent and Trademark Office, is May 20, 2003. OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegation that the copy of the '729 patent included as Exhibit A of the Complaint is a true and correct copy of the '729 patent and, on that basis, denies the allegation. OSyS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20 of the Complaint and, therefore, denies each of the remaining allegations.

> **21.   Upon information and belief, Defendant Honeywell has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Predictive Trend Monitoring, and Integrated Vehicle Health Management, products that are covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Honeywell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint and, therefore, denies each of the

7

allegations.

22.     **Upon information and belief, Defendant Sagem Avionics has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Sagem Avionics has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 22 of the Complaint and, therefore, denies each of the

allegations.

23.     **Upon information and belief, Defendant Sagem Defense has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Sagem Defense has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 23 of the Complaint and, therefore, denies each of the

allegations.

24.     **Upon information and belief, Defendant Safran has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane**

maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Safran has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 24 of the Complaint and, therefore, denies each of the

allegations.

25. Upon information and belief, Defendant SimAuthor has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, FlightAnalyst, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, SimAuthor has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 25 of the Complaint and, therefore, denies each of the

allegations.

26. Upon information and belief, Defendant Airbus has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, AIRMAN, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Airbus has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint and, therefore, denies each of the allegations.

> 27.     Upon information and belief, Defendant QinetiQ has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SpectroTrack, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, QinetiQ has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint and, therefore, denies each of the allegations.

> 28.     Upon information and belief, Defendant ARINC has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Aircraft Condition Analysis and Management System (ACAMS), a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, ARINC has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint and, therefore, denies each of the allegations.

29.    Upon information and belief, Defendant FDS has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Polaris, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, FDS has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 29 of the Complaint and, therefore, denies each of the

allegations.

30.    Upon information and belief, Defendant Gulfstream has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, PlaneConnect, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Gulfstream has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 30 of the Complaint and, therefore, denies each of the

allegations.

31.    Upon information and belief, Defendant Impact Technologies has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SignalPro, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale,

> **and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Impact Technologies has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint and, therefore, denies each of the allegations.

> 32. **Upon information and belief, Defendant Optimized Solutions has infringed and continues to infringe the '729 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Equipment Health Management Solution, a product that is covered by one or more claims of the '729 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '729 patent, Optimized Solutions has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS denies that it has infringed or presently infringes the '729 patent in the State of Texas, in this judicial district, or elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Although OSyS admits the existence of OSyS products relating to Equipment Health Management (EHM), OSyS denies that any of its products are covered by one or more claims of the '729 patent. PT Diagnostics has not identified any specific product made by OSyS that allegedly infringes the '729 patent. Additionally, PT Diagnostics has not defined the terms "like products" or "related services" so OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning infringement of the '729 patent by "like products" and "related services" and, therefore, denies the allegations. OSyS further denies that

12

OSyS has injured PT Diagnostics or that OSyS is liable to PT Diagnostics for any alleged

infringement of the '729 patent pursuant to 35 U.S.C. § 271. OSyS is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

32 of the Complaint and, therefore, denies each of the remaining allegations.

> **33.      Upon information and belief, Defendant Rockwell has infringed and
> continues to infringe the '729 patent in the State of Texas, in this judicial
> district, and elsewhere in the United States, by, among other things, making,
> using, importing, offering for sale, and/or selling preventative airplane
> maintenance products and services that process data gathered from the
> operation of airplanes. Such products include, by way of example and
> without limitation, Maintenance Diagnostic System MDS-3110/4110,
> products that are covered by one or more claims of the '729 patent. By
> making, using, importing, offering for sale, and/or selling such products,
> and all like products and related services that are covered by one or more
> claims of the '729 patent, Rockwell has injured PT Diagnostics and is thus
> liable to PT Diagnostics for infringement of the '729 patent pursuant to 35
> U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 33 of the Complaint and, therefore, denies each of the

allegations.

> **34.      Upon information and belief, Defendant Spectro has infringed and
> continues to infringe the '729 patent in the State of Texas, in this judicial
> district, and elsewhere in the United States, by, among other things, making,
> using, importing, offering for sale, and/or selling preventative airplane
> maintenance products and services that process data gathered from the
> operation of airplanes. Such products include, by way of example and
> without limitation, SpectroTrak, a product that is covered by one or more
> claims of the '729 patent. By making, using, importing, offering for sale,
> and/or selling such products, and all like products and related services that
> are covered by one or more claims of the '729 patent, Spectro has injured
> PT Diagnostics and is thus liable to PT Diagnostics for infringement of the
> '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:**  OSyS is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 34 of the Complaint and, therefore, denies each of the

allegations.

> **35.** As a result of these Defendants' infringement of the '729 patent, Plaintiff PT Diagnostics has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff PT Diagnostics will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

**ANSWER:** To the extent that Paragraph 35 is directed to OSyS, OSyS denies that it has

infringed or presently infringes the '729 patent, that PT Diagnostics has suffered monetary

damages due to any alleged infringement of the '729 patent by OSyS, or that PT Diagnostics

will suffer any damage in the future based on alleged infringement of the '729 patent unless

OSyS's activities are enjoined by the Court. To the extent that Paragraph 35 is directed to

Defendants other than OSyS, OSyS is without knowledge or information sufficient to form a

belief as to the truth of such allegations and, therefore, denies each of the allegations. OSyS is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations of Paragraph 35 of the Complaint and, therefore, denies each of the remaining

allegations.

> **36.** Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '729 patent, Plaintiff PT Diagnostics will be greatly and irreparably harmed.

**ANSWER:** To the extent that Paragraph 36 is directed to OSyS, OSyS denies that it or its

agents, servants, employees, representatives, affiliates, or others acting in active concert

therewith have infringed, presently infringe, or will infringe the '729 patent or that PT

Diagnostics will be greatly or irreparably harmed from any such alleged infringement unless a

permanent injunction is issued. To the extent that Paragraph 36 is directed to Defendants other

than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the truth

14

of such allegations and, therefore, denies each of the allegations. OSyS is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

36 of the Complaint and, therefore, denies each of the remaining allegations.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,732,027

**37.     Plaintiff PT Diagnostics realleges and incorporates by reference paragraphs 1-36 above, as if fully set forth herein.**

**ANSWER:** OSyS incorporates herein by reference its responses to Paragraphs 1-36.

**38.     Plaintiff PT Diagnostics is the owner by assignment of United States Patent No. 6,732,027 ("the '027 patent") entitled "System and Method of Analyzing Operational Source Data." The '027 patent was duly and legally issued by the United States Patent and Trademark Office on May 4, 2004. A true and correct copy of the '027 patent is included as Exhibit B.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegation that PT Diagnostics is the owner by assignment of the '027 patent and, on that

basis, denies the allegation. OSyS admits that the title of the '027 patent, as indicated by a copy

of the '027 patent obtained from the website of the United States Patent and Trademark Office,

is "System and Method of Analyzing Operational Source Data." OSyS also admits that the

issue date for the '027 patent, as indicated by the copy of the '027 patent obtained from the

website of the United States Patent and Trademark Office, is May 4, 2004. OSyS is without

knowledge or information sufficient to form a belief as to the truth of the allegation that the

copy of the '027 patent included as Exhibit B of the Complaint is a true and correct copy of the

'027 patent and, on that basis, denies the allegation. OSyS is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38 of the

Complaint and, therefore, denies each of the remaining allegations.

**39.      Upon information and belief, Defendant Honeywell has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Predictive Trend Monitoring, and Integrated Vehicle Health Management, products that are covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Honeywell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 39 of the Complaint and, therefore, denies each of the

allegations.

**40.      Upon information and belief, Defendant Sagem Avionics has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Sagem Avionics has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 40 of the Complaint and, therefore, denies each of the

allegations.

**41.      Upon information and belief, Defendant Sagem Defense has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and**

**without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Sagem Defense has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint and, therefore, denies each of the allegations.

42. **Upon information and belief, Defendant Safran has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Safran has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint and, therefore, denies each of the allegations.

43. **Upon information and belief, Defendant SimAuthor has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, FlightAnalyst, a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, SimAuthor has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '729 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:**  OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint and, therefore, denies each of the allegations.

  **44.**  **Upon information and belief, Defendant Airbus has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, AIRMAN, a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Airbus has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint and, therefore, denies each of the allegations.

  **45.**  **Upon information and belief, Defendant QinetiQ has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SpectroTrack, a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, QinetiQ has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint and, therefore, denies each of the allegations.

46.     Upon information and belief, Defendant ARINC has infringed and
continues to infringe the '027 patent in the State of Texas, in this judicial
district, and elsewhere in the United States, by, among other things, making,
using, importing, offering for sale, and/or selling preventative airplane
maintenance products and services that process data gathered from the
operation of airplanes. Such products include, by way of example and
without limitation, Aircraft Condition Analysis and Management System
(ACAMS), a product that is covered by one or more claims of the '027
patent. By making, using, importing, offering for sale, and/or selling such
products, and all like products and related services that are covered by one
or more claims of the '027 patent, ARINC has injured PT Diagnostics and is
thus liable to PT Diagnostics for infringement of the '027 patent pursuant to
35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 46 of the Complaint and, therefore, denies each of the

allegations.

47.     Upon information and belief, Defendant FDS has infringed and continues to
infringe the '027 patent in the State of Texas, in this judicial district, and
elsewhere in the United States, by, among other things, making, using,
importing, offering for sale, and/or selling preventative airplane
maintenance products and services that process data gathered from the
operation of airplanes. Such products include, by way of example and
without limitation, Polaris, a product that is covered by one or more claims
of the '027 patent. By making, using, importing, offering for sale, and/or
selling such products, and all like products and related services that are
covered by one or more claims of the '027 patent, FDS has injured PT
Diagnostics and is thus liable to PT Diagnostics for infringement of the '027
patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 47 of the Complaint and, therefore, denies each of the

allegations.

48.     Upon information and belief, Defendant Gulfstream has infringed and
continues to infringe the '027 patent in the State of Texas, in this judicial
district, and elsewhere in the United States, by, among other things, making,
using, importing, offering for sale, and/or selling preventative airplane
maintenance products and services that process data gathered from the
operation of airplanes. Such products include, by way of example and
without limitation, PlaneConnect, a product that is covered by one or more

**claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Gulfstream has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 48 of the Complaint and, therefore, denies each of the allegations.

49.     **Upon information and belief, Defendant Impact Technologies has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SignalPro, a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Impact Technologies has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint and, therefore, denies each of the allegations.

50.     **Upon information and belief, Defendant Optimized Solutions has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Equipment Health Management Solution, a product that is covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Optimized Solutions has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:**  OSyS denies that it has infringed or presently infringes the '027 patent in the State of Texas, in this judicial district, or elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Although OSyS admits the existence of OSyS products relating to Equipment Health Management (EHM), OSyS denies that any of its products are covered by one or more claims of the '027 patent.  PT Diagnostics has not identified any specific product made by OSyS that allegedly infringes the '027 patent.  Additionally, PT Diagnostics has not defined the terms "like products" or "related services" so OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning infringement of the '027 patent by "like products" and "related services" and, therefore, denies the allegations.  OSyS further denies that OSyS has injured PT Diagnostics or that OSyS is liable to PT Diagnostics for any alleged infringement of the '027 patent pursuant to 35 U.S.C. § 271. OSyS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50 of the Complaint and, therefore, denies each of the remaining allegations.

> 51.     **Upon information and belief, Defendant Rockwell has infringed and continues to infringe the '027 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Maintenance Diagnostic System MDS-3110/4110, products that are covered by one or more claims of the '027 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '027 patent, Rockwell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '027 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 51 of the Complaint and, therefore, denies each of the

allegations.

**52.      Upon information and belief, Defendant Spectro has infringed and
continues to infringe the '027 patent in the State of Texas, in this judicial
district, and elsewhere in the United States, by, among other things, making,
using, importing, offering for sale, and/or selling preventative airplane
maintenance products and services that process data gathered from the
operation of airplanes. Such products include, by way of example and
without limitation, SpectroTrak, a product that is covered by one or more
claims of the '027 patent. By making, using, importing, offering for sale,
and/or selling such products, and all like products and related services that
are covered by one or more claims of the '027 patent, Spectro has injured
PT Diagnostics and is thus liable to PT Diagnostics for infringement of the
'027 patent pursuant to 35 U.S.C. § 271.**

<u>**ANSWER:**</u> OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 52 of the Complaint and, therefore, denies each of the

allegations.

**53.      As a result of these Defendants' infringement of the '027 patent, Plaintiff PT
Diagnostics has suffered monetary damages in an amount adequate to
compensate for Defendants' infringement, but in no event less than a
reasonable royalty for the use made of the invention by Defendants,
together with interest and costs as fixed by the Court, and Plaintiff PT
Diagnostics will continue to suffer damages in the future unless Defendants'
infringing activities are enjoined by this Court.**

<u>**ANSWER:**</u> To the extent that Paragraph 53 is directed to OSyS, OSyS denies that it has

infringed or presently infringes the '027 patent, that PT Diagnostics has suffered monetary

damages due to any alleged infringement of the '027 patent by OSyS, or that PT Diagnostics

will suffer any damage in the future based on alleged infringement of the '027 patent unless

OSyS's activities are enjoined by the Court. To the extent that Paragraph 53 is directed to

Defendants other than OSyS, OSyS is without knowledge or information sufficient to form a

belief as to the truth of such allegations and, therefore, denies each of the allegations.  OSyS is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53 of the Complaint and, therefore, denies each of the remaining allegations.

**54.      Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '027 patent, Plaintiff PT Diagnostics will be greatly and irreparably harmed.**

<u>**ANSWER:**</u> To the extent that Paragraph 54 is directed to OSyS, OSyS denies that it or its agents, servants, employees, representatives, affiliates, or others acting in active concert therewith have infringed, presently infringe, or will infringe the '027 patent or that PT Diagnostics will be greatly or irreparably harmed from any such alleged infringement unless a permanent injunction is issued. To the extent that Paragraph 54 is directed to Defendants other than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies each of the allegations.  OSyS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 54 of the Complaint and, therefore, denies each of the remaining allegations.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,959,236**

**55.      Plaintiff PT Diagnostics realleges and incorporates by reference paragraphs 1-54 above, as if fully set forth herein.**

<u>**ANSWER:**</u> OSyS incorporates herein by reference its responses to Paragraphs 1-54.

**56.      Plaintiff PT Diagnostics is the owner by assignment of United States Patent No. 6,959,236 ("the '236 patent") entitled "System and Method of Analyzing Operational Source Data." The '236 patent was duly and legally issued by the United States Patent and Trademark Office on October 25, 2005. A true and correct copy of the '236 patent is included as Exhibit C.**

<u>**ANSWER:**</u> OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegation that PT Diagnostics is the owner by assignment of the '236 patent and, on that

basis, denies the allegation. OSyS admits that the title of the '236 patent, as indicated by a copy

of the '236 patent obtained from the website of the United States Patent and Trademark Office,

is "System and Method of Analyzing Operational Source Data." OSyS also admits that the issue

date for the '236 patent, as indicated by the copy of the '236 patent obtained from the website of

the United States Patent and Trademark Office, is October 25, 2005. OSyS is without

knowledge or information sufficient to form a belief as to the truth of the allegation that the

copy of the '236 patent included as Exhibit C of the Complaint is a true and correct copy of the

'236 patent and, on that basis, denies the allegation. OSyS is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56 of the

Complaint and, therefore, denies each of the remaining allegations.

**57.      Upon information and belief, Defendant Honeywell has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Predictive Trend Monitoring, and Integrated Vehicle Health Management, products that are covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Honeywell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 57 of the Complaint and, therefore, denies each of the

allegations.

**58.      Upon information and belief, Defendant Sagem Avionics has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making,**

24

using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Sagem Avionics has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 of the Complaint and, therefore, denies each of the allegations.

59.     Upon information and belief, Defendant Sagem Defense has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Sagem Defense has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 of the Complaint and, therefore, denies each of the allegations.

60.     Upon information and belief, Defendant Safran has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like

**products and related services that are covered by one or more claims of the '236 patent, Safran has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 60 of the Complaint and, therefore, denies each of the

allegations.

61. **Upon information and belief, Defendant SimAuthor has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, FlightAnalyst, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, SimAuthor has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 61 of the Complaint and, therefore, denies each of the

allegations.

62. **Upon information and belief, Defendant Airbus has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, AIRMAN, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Airbus has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 62 of the Complaint and, therefore, denies each of the

allegations.

     **63.** **Upon information and belief, Defendant QinetiQ has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SpectroTrack, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, QinetiQ has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 63 of the Complaint and, therefore, denies each of the

allegations.

     **64.** **Upon information and belief, Defendant ARINC has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Aircraft Condition Analysis and Management System (ACAMS), a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, ARINC has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 64 of the Complaint and, therefore, denies each of the

allegations.

     **65.** **Upon information and belief, Defendant FDS has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of**

27

**airplanes. Such products include, by way of example and without limitation, Polaris, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, FDS has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 65 of the Complaint and, therefore, denies each of the

allegations.

66.     **Upon information and belief, Defendant Gulfstream has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, PlaneConnect, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Gulfstream has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 66 of the Complaint and, therefore, denies each of the

allegations.

67.     **Upon information and belief, Defendant Impact Technologies has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SignalPro, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Impact Technologies has injured PT Diagnostics and is thus liable to PT**

**Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 67 of the Complaint and, therefore, denies each of the

allegations.

> 68.   **Upon information and belief, Defendant Optimized Solutions has infringed
> and continues to infringe the '236 patent in the State of Texas, in this
> judicial district, and elsewhere in the United States, by, among other things,
> making, using, importing, offering for sale, and/or selling preventative
> airplane maintenance products and services that process data gathered
> from the operation of airplanes. Such products include, by way of example
> and without limitation, Equipment Health Management Solution, a product
> that is covered by one or more claims of the '236 patent. By making, using,
> importing, offering for sale, and/or selling such products, and all like
> products and related services that are covered by one or more claims of the
> '236 patent, Optimized Solutions has injured PT Diagnostics and is thus
> liable to PT Diagnostics for infringement of the '236 patent pursuant to 35
> U.S.C. § 271.**

**ANSWER:** OSyS denies that it has infringed or presently infringes the '236 patent in the State

of Texas, in this judicial district, or elsewhere in the United States, by, among other things,

making, using, importing, offering for sale, and/or selling preventative airplane maintenance

products and services that process data gathered from the operation of airplanes. Although

OSyS admits the existence of OSyS products relating to Equipment Health Management

(EHM), OSyS denies that any of its products are covered by one or more claims of the '236

patent.  PT Diagnostics has not identified any specific product made by OSyS that allegedly

infringes the '236 patent.  Additionally, PT Diagnostics has not defined the terms "like

products" or "related services" so OSyS is without knowledge or information sufficient to form

a belief as to the truth of the allegations concerning infringement of the '236 patent by "like

products" and "related services" and, therefore, denies the allegations.  OSyS further denies that

OSyS has injured PT Diagnostics or that OSyS is liable to PT Diagnostics for any alleged

infringement of the '236 patent pursuant to 35 U.S.C. § 271. OSyS is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

50 of the Complaint and, therefore, denies each of the remaining allegations.

> **69.      Upon information and belief, Defendant Rockwell has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Maintenance Diagnostic System MDS-3110/4110, products that are covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Rockwell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 69 of the Complaint and, therefore, denies each of the

allegations.

> **70.      Upon information and belief, Defendant Spectro has infringed and continues to infringe the '236 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SpectroTrak, a product that is covered by one or more claims of the '236 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '236 patent, Spectro has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '236 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 70 of the Complaint and, therefore, denies each of the

allegations.

> **71.      As a result of these Defendants' infringement of the '236 patent, Plaintiff PT Diagnostics has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants,**

**together with interest and costs as fixed by the Court, and Plaintiff PT Diagnostics will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.**

<u>**ANSWER:**</u> To the extent that Paragraph 71 is directed to OSyS, OSyS denies that it has

infringed or presently infringes the '236 patent, that PT Diagnostics has suffered monetary

damages due to any alleged infringement of the '236 patent, or that PT Diagnostics will suffer

any damage in the future based on alleged infringement of the '236 patent unless OSyS's

activities are enjoined by the Court. To the extent that Paragraph 71 is directed to Defendants

other than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the

truth of such allegations and, therefore, denies each of the allegations. OSyS is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of Paragraph 71 of the Complaint and, therefore, denies each of the remaining allegations.

> 72.     **Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '236 patent, Plaintiff PT Diagnostics will be greatly and irreparably harmed.**

<u>**ANSWER:**</u> To the extent that Paragraph 72 is directed to OSyS, OSyS denies that it or its

agents, servants, employees, representatives, affiliates, or others acting in active concert

therewith have infringed, presently infringe, or will infringe the '236 patent or that PT

Diagnostics will be greatly or irreparably harmed from any such alleged infringement unless a

permanent injunction is issued. To the extent that Paragraph 72 is directed to Defendants other

than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the truth

of such allegations and, therefore, denies each of the allegations.  OSyS is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 72 of the Complaint and, therefore, denies each of the remaining allegations.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 7,359,777

**73.   Plaintiff PT Diagnostics realleges and incorporates by reference paragraphs 1-72 above, as if fully set forth herein.**

**ANSWER:** OSyS incorporates herein by reference its responses to Paragraphs 1-72.

**74.   Plaintiff PT Diagnostics is the owner by assignment of United States Patent No. 7,359,777 ("the '777 patent") entitled "System and Method of Analyzing Aircraft Maintenance Data for Preventative Maintenance." The '777 patent was duly and legally issued by the United States Patent and Trademark Office on April 15, 2008. A true and correct copy of the '777 patent is included as Exhibit D.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegation that PT Diagnostics is the owner by assignment of the '777 patent and, on that

basis, denies the allegation.  OSyS admits that the title of the '777 patent, as indicated by a copy

of the '777 patent obtained from the website of the United States Patent and Trademark Office,

is "System and Method of Analyzing Aircraft Maintenance Data for Preventative

Maintenance." OSyS also admits that the issue date for the '777 patent, as indicated by the copy

of the '777 patent obtained from the website of the United States Patent and Trademark Office,

is April 15, 2008. OSyS is without knowledge or information sufficient to form a belief as to

the truth of the allegation that the copy of the '777 patent included as Exhibit D of the

Complaint is a true and correct copy of the '777 patent and, on that basis, denies the allegation.

OSyS is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of Paragraph 74 of the Complaint and, therefore, denies each of the

remaining allegations.

**75.   Upon information and belief, Defendant Honeywell has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered**

from the operation of airplanes. Such products include, by way of example and without limitation, Predictive Trend Monitoring, and Integrated Vehicle Health Management, products that are covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Honeywell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 of the Complaint and, therefore, denies each of the allegations.

76.  Upon information and belief, Defendant Sagem Avionics has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Sagem Avionics has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 76 of the Complaint and, therefore, denies each of the allegations.

77.  Upon information and belief, Defendant Sagem Defense has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Sagem Defense has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. §

271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 77 of the Complaint and, therefore, denies each of the

allegations.

**78. Upon information and belief, Defendant Safran has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Analysis Ground Station (AGS), a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Safran has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 78 of the Complaint and, therefore, denies each of the

allegations.

**79. Upon information and belief, Defendant SimAuthor has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, FlightAnalyst, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, SimAuthor has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 79 of the Complaint and, therefore, denies each of the

allegations.

**80. Upon information and belief, Defendant Airbus has infringed and continues**

to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, AIRMAN, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Airbus has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 80 of the Complaint and, therefore, denies each of the

allegations.

81. Upon information and belief, Defendant QinetiQ has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SpectroTrack,. a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, QinetiQ has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 81 of the Complaint and, therefore, denies each of the

allegations.

82. Upon information and belief, Defendant ARINC has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Aircraft Condition Analysis and Management System (ACAMS), a product that is covered by one or more claims of the '777

35

patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, ARINC has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 82 of the Complaint and, therefore, denies each of the allegations.

83.     Upon information and belief, Defendant FDS has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Polaris, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, FDS has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 of the Complaint and, therefore, denies each of the allegations.

84.     Upon information and belief, Defendant Gulfstream has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, PlaneConnect, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Gulfstream has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 84 of the Complaint and, therefore, denies each of the allegations.

> 85.     **Upon information and belief, Defendant Impact Technologies has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, SignalPro, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Impact Technologies has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 of the Complaint and, therefore, denies each of the allegations.

> 86.     **Upon information and belief, Defendant Optimized Solutions has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Equipment Health Management Solution, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Optimized Solutions has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS denies that it has infringed or presently infringes the '777 patent in the State of Texas, in this judicial district, or elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Although

OSyS admits the existence of OSyS products relating to Equipment Health Management

(EHM), OSyS denies that any of its products are covered by one or more claims of the '777

patent.  PT Diagnostics has not identified any specific product made by OSyS that allegedly

infringes the '777 patent.  Additionally, PT Diagnostics has not defined the terms "like

products" or "related services" so OSyS is without knowledge or information sufficient to form

a belief as to the truth of the allegations concerning infringement of the '777 patent by "like

products" and "related services" and, therefore, denies the allegations. OSyS further denies that

OSyS has injured PT Diagnostics or that OSyS is liable to PT Diagnostics for any alleged

infringement of the '777 patent pursuant to 35 U.S.C. § 271. OSyS is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of Paragraph

86 of the Complaint and, therefore, denies each of the remaining allegations.

> **87.** **Upon information and belief, Defendant Rockwell has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the operation of airplanes. Such products include, by way of example and without limitation, Maintenance Diagnostic System MDS-3110/4110, products that are covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Rockwell has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 87 of the Complaint and, therefore, denies each of the

allegations.

> **88.** **Upon information and belief, Defendant Spectro has infringed and continues to infringe the '777 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, making, using, importing, offering for sale, and/or selling preventative airplane maintenance products and services that process data gathered from the**

> **operation of airplanes. Such products include, by way of example and without limitation, SpectroTrak, a product that is covered by one or more claims of the '777 patent. By making, using, importing, offering for sale, and/or selling such products, and all like products and related services that are covered by one or more claims of the '777 patent, Spectro has injured PT Diagnostics and is thus liable to PT Diagnostics for infringement of the '777 patent pursuant to 35 U.S.C. § 271.**

**ANSWER:** OSyS is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88 of the Complaint and, therefore, denies each of the allegations.

> 89. **As a result of these Defendants' infringement of the '777 patent, Plaintiff PT Diagnostics has suffered monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court, and Plaintiff PT Diagnostics will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.**

**ANSWER:** To the extent that Paragraph 89 is directed to OSyS, OSyS denies that it has infringed or presently infringes the '777 patent, that PT Diagnostics has suffered monetary damages due to any alleged infringement of the '777 patent, or that PT Diagnostics will suffer any damage in the future based on alleged infringement of the '777 patent unless OSyS's activities are enjoined by the Court. To the extent that Paragraph 89 is directed to Defendants other than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies each of the allegations. OSyS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 89 of the Complaint and, therefore, denies each of the remaining allegations.

> 90. **Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting or in active concert therewith from infringing the '777 patent, Plaintiff PT Diagnostics will be greatly and irreparably harmed.**

**ANSWER:** To the extent that Paragraph 90 is directed to OSyS, OSyS denies that it or its agents, servants, employees, representatives, affiliates, or others acting in active concert therewith have infringed, presently infringe, or will infringe the '777 patent or that PT Diagnostics will be greatly or irreparably harmed from any such alleged infringement unless a permanent injunction is issued. To the extent that Paragraph 90 is directed to Defendants other than OSyS, OSyS is without knowledge or information sufficient to form a belief as to the truth of such allegations and, therefore, denies each of the allegations. OSyS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 90 of the Complaint and, therefore, denies each of the remaining allegations.

## RESPONSE TO PT DIAGNOSTICS' PRAYER FOR RELIEF

OSyS denies the allegations by PT Diagnostics of infringement, direct and joint, joint, and/or indirect, by way of inducing and/or contributing to the infringement of the '729 patent, the '027 patent, the '236 patent, or the '777 patent in the prayer for relief against OSyS.  OSyS denies that PT Diagnostics is entitled to an award of any relief at all and denies that PT Diagnostics is entitled to any of the relief sought in the prayer for relief.  The prayer by PT Diagnostics should thus be denied in its entirety with prejudice, and PT Diagnostics should take nothing.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following must necessarily be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to OSyS's right to plead additional defenses as discovery into the facts of the matter warrant, OSyS adopts and incorporates by reference, as if set forth herein, any affirmative defense asserted by any other defendant in this action to the

extent that such affirmative defense would be applicable to OSyS, and OSyS also asserts the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1.      Based on OSyS's current understanding of the allegations regarding the asserted patents, OSyS has not infringed and does not infringe (either literally or under the doctrine of equivalents, either directly or by inducing infringement or contributing to infringement) any claim of the asserted patents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2.      The claims of the asserted patents are barred, in full or in part, because the claims are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Laches, Waiver, Acquiescence, Estoppel, and/or Statute of Limitations)

3.      Remedies requested by PT Diagnostics under the asserted patents are barred by laches, waiver, acquiescence, estoppel, and/or 35 U.S.C. § 286.

## FOURTH AFFIRMATIVE DEFENSE
### (Claim Construction Estoppel)

4.      PT Diagnostics is estopped from construing the claims of the asserted patents to cover any OSyS product because representations, omissions, and/or concessions made during prosecution of the asserted patents, and/or related U.S. or foreign patents and patent applications, limit the scope of the claims of the asserted patents.

## FIFTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

5.      Prosecution history estoppel bars PT Diagnostics from asserting infringement under the doctrine of equivalents of claims of the asserted patents and from adopting claim

construction positions contrary to statements and amendments made during prosecution of the

asserted patents and/or related U.S. or foreign patents and patent applications.

## SIXTH AFFIRMATIVE DEFENSE
### (Use/Manufacture By/For Government)

6.      To the extent that any accused product or method has been used or manufactured

by or for the United States Government, claims and demands for relief by PT Diagnostics based

on the asserted patents are barred by 28 U.S.C. § 1498.

## SEVENTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

7.      OSyS has engaged in all relevant activities in good faith, thereby precluding PT

Diagnostics, even if it prevails, from recovering its reasonable attorneys' fees and/or costs under

35 U.S.C. § 285.

## EIGHTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct with respect to the '729, '027, '236, and '777 Patents)

8.      On information and belief, and as described more fully below, the inventors of

the '729 Patent, and/or their agents and representatives working at their direction and on their

behalf, committed inequitable conduct before the U.S. Patent and Trademark Office ("PTO")

during the prosecution of the applications for the '729, '027, '236, and '777 Patents by

withholding from the PTO material and non-cumulative prior art with the intent to deceive the

PTO, and in violation of their obligations under 37 C.F.R. § 1.56. As a result of this inequitable

conduct, the '729, '027, '236, and '777 Patents are unenforceable as a matter of law.

### The Prior Art OSyS EHM Solution

9.      OSyS and its corporate predecessors (hereinafter referred to as OSyS) offered for

sale, sold, publicly disclosed, and publicly used  the Engine Health Management Solution

("EHM Solution") starting in the 1980s. Numerous printed publications disclose and describe this prior art. This prior art was widely known in the aviation industry years prior to the effective filing date of the asserted patents. The same is true of multiple other EHM prior art methods, systems, programs, and devices, including those described herein and further including the accused instrumentalities of other defendants in this case .

10.     More than one year prior to the effective filing date of the asserted patents, and continuing up to the effective filing date, OSyS offered for sale, sold, publicly disclosed, and publicly used the EHM Solution which included, among other features,: a computer database for receipt and storage of aircraft flight performance datasets; components to parse the aircraft datasets into at least one data field; a maintenance analysis engine to process the aircraft datasets; and components to generate reports for an automatic delivery to the consumers, including the issuance of electronic alerts upon receipt of aircraft data deemed outside acceptable operating thresholds. The EHM Solution was designed and used to analyze aircraft data for preventative maintenance and to derive performance trends from the aircraft dataset.

11.     OSyS offered to sell, sold, publicly demonstrated, disclosed and used the EHM Solution to a number of U.S. airline companies and aircraft operators more than one year prior to the earliest effective filing date of the asserted patents and continuing up through their latest effective filing date.

12.     OSyS offered and sold the EHM Solution to US Airways in 1999, and subsequently delivered the EHM Solution software system to US Airways at its main headquarters in Pittsburgh, Pennsylvania.

13.     OSyS prior art systems, including the EHM Solution, sold by OSyS to US Airways and other customers in the U.S. invalidate some or all of the claims in PT Diagnostics'

Patents in Suit.

## Betters' Awareness of the EHM Solution

14.     On information and belief, the first-named inventor of the Patents in Suit, Bradley Betters ("Betters"), was employed by US Airways from July 1999 through August 2000. According to Betters' resume, he served as "Avionics Program Manager-Communication Navigation System/Air Traffic Management Technical Manager" ("CNS/ATM") for US Airways during this time, and was responsible for "coordination, requirements, maintenance, and support of specific Avionic Systems fleet wide. (Both Hardware and Software)[.]"  Furthermore, in his capacity at US Airways, Betters served as US Airways' "industry representative for CNS/ATM, Data Link, and Frequency Protection Activity."  Betters also worked as the Aircraft Communications and Addressing System ("ACARS") Committee Co-Chairman, "responsible for company wide decisions in reference to data link systems with a concentration on customer service, technical, and flight operations considerations."

15.     On information and belief, Betters necessarily became knowledgeable regarding the EHM Solution and other aircraft data systems deployed by US Airways at that time that may constitute prior art to the Patents in Suit.  The EHM Solution included software used by and in connection with US Airways' "Avionic Systems" fleetwide, which is directly in line with Betters' statement of his responsibilities at US Airways during the time when the EHM Solution was assessed by US Airways, was known to , offered to , sold to, and used by US Airways including at its main headquarters in Pittsburgh, Pennsylvania where Betters was located.

## Sagem S.A.'s Prior Art AGS System

16.     On information and belief, SFIM Industries and its operating subsidiary, sfim inc., subsidiaries of Defendant Sagem S.A. ("Sagem"), were companies involved in the aviation

industry in the early 1990s. SFIM Industries and sfim inc. are collectively referred to as "SFIM." In 1999, Sagem acquired SFIM and, on May 20, 2000, SFIM Industries was consolidated into Sagem while sfim inc. remained a subsidiary of Sagem. At that time, sfim inc. was renamed Sagem Avionics, Inc.

17.     On information and belief, SFIM developed a product in the early 1990s named "Analysis Ground Station" (AGS), a Windows-based program that could be run on PCs or PC networks, by which airline companies and other aircraft operators could assess large volumes of flight-related data from aircraft. AGS included: (1) a database on a computer server for receipt and storage of aircraft flight performance datasets; (2) components to parse the aircraft datasets into at least one data field; (3) a maintenance analysis engine to process the aircraft datasets; and (4) components to generate reports for an automatic delivery to the consumers, including the issuance of electronic alerts upon receipt of aircraft data deemed outside acceptable operating thresholds. AGS was designed to be used and was used to analyze aircraft data for preventative maintenance and to derive performance trends from the aircraft dataset.

18.     On information and belief, SFIM offered to sell AGS to a number of U.S. airline companies and aircraft operators, including: (a) a proposal on July 28, 1995 to FedEx for Digital Flight data Acquisition and Management units, which included the supply of one AGS system; (b) a proposal on September 25, 1997 to American Airlines in response to their RFP dated January 1997, which included the proposed delivery of AGS; (c) a proposal on April 8, 1998, to America West Airlines for AGS; and (d) a proposal on October 12, 1998, to UPS for AGS.

19.     On information and belief, SFIM sold AGS to US Airways, Inc. ("US Airways") in 1999. On or about March 31, 1999, Airbus Services Company and US Airways entered into a Purchase and License Agreement for a computerized A319/A320 Line Operating Monitoring

System. The system included the AGS hardware and software which the Agreement specifically

recognized would be provided and supported by SFIM.

20.     On information and belief, SFIM subsequently delivered the first AGS hardware

and software system to US Airways at its main headquarters in Pittsburgh, Pennsylvania. US

Airways tested the original AGS, and then issued another purchase order on January 29, 2001.

SFIM later delivered a second AGS to US Airways.

21.     On information and belief, the AGS systems sold by SFIM to US Airways

anticipated some or all of the claims in PT Diagnostics' Patents in Suit.

**Betters' Awareness of AGS**

22.     On information and belief, the first-named inventor of the Patents in Suit, Bradley

Betters ("Betters"), was employed by US Airways from July 1999 through August 2000.

According to Betters' resume, he served as "Avionics Program Manager-Communication

Navigation System/Air Traffic Management Technical Manager" ("CNS/ATM") for US

Airways during this time, and was responsible for "coordination, requirements, maintenance, and

support of specific Avionic Systems fleet wide. (Both Hardware and Software)[.]" Furthermore,

in his capacity at US Airways, Betters served as US Airways' "industry representative for

CNS/ATM, Data Link, and Frequency Protection Activity". Betters also worked as the Aircraft

Communications and Addressing System ("ACARS") Committee Co-Chairman, "responsible for

company wide decisions in reference to data link systems with a concentration on customer

service, technical, and flight operations considerations."

23.     On information and belief, Betters necessarily became knowledgeable regarding

AGS and other aircraft data systems deployed by US Airways at that time, including Airbus's

A319/A320 Line Operating Monitoring System, that may constitute prior art to the Patents in Suit. SFIM's AGS was hardware and software for specific use by US Airways "Avionic Systems" fleetwide, which is directly in line with Betters' assessment of his responsibilities at US Airways during the time when AGS was assessed by US Airways, was sold to US Airways, and was delivered to US Airways' main headquarters in Pittsburgh, Pennsylvania where Betters was located.

### Betters' Inequitable Conduct

24.     On information and belief, after leaving US Airways in August 2000, Betters co-founded and became Vice President of Operations of Penn-Tex Aerospace, Inc., an affiliate of PT Holding, LP and Plaintiff PT Diagnostics.

25.     On information and belief, Betters caused the filing of U.S. Patent Application Number 09/821,842 on March 28, 2001. This application resulted in the issuance of Patent 6,567,729 and the three other Patents in Suit as continuations of the same original patent application.

26.     On information and belief, the above application and Patents in Suit were assigned to Betters' partnership, PT Holdings, LP.

27.     The EHM Solution system was and is prior art to the Patents in Suit. Without limitation on the applicable prior art statutory bases, the EHM Solution system was on sale in the United States more than one year prior to March 28, 2001, and, therefore, was prior art under 35 U.S.C. §§ 102(a) and (b). Further, the EHM Solution system was prior art under 35 U.S.C. § 102(f) because Betters utilized his knowledge of the EHM Solution system acquired during his prior employment at US Airways to prepare and file U.S. Patent Application Number 09/821,842.

28.     On information and belief, SFIM/Sagem's AGS system was prior art to the Patents in Suit.  Without limitation on the applicable prior art statutory bases, SFIM/Sagem's AGS system was on sale in the United States more than one year prior to March 28, 2001, and, therefore, was prior art under 35 U.S.C. §§ 102(a) and (b).  Further, SFIM/Sagem's AGS system was prior art under 35 U.S.C. § 102(f) because Betters utilized his knowledge of SFIM/Sagem's AGS acquired during his prior employment at US Airways to prepare and file U.S. Patent Application Number 09/821,842.

29.     On information and belief, Betters was also exposed during his tenure at US Airways to other systems that may constitute prior art to the Patents in Suit.

30.     In the course of applying for his patent, Betters filed a declaration and oath in the United Sates Patent and Trademark Office, in which Betters represented:

> I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims.

> I acknowledge the duty to disclose to the Patent and Trademark Office all information known to me to be material to patentability of the subject matter claimed in this application, as "materiality" is defined in Title 37, Code of Federal Regulations, § 1.56.

31.     Notwithstanding his declaration and oath, and even though, on information and belief, Betters derived the patented invention from the EHM Solution system, SFIM/Sagem's AGS system, and other systems that were clearly prior art, neither Betters nor anyone else associated with the prosecution of the Patents in Suit disclosed the EHM Solution system or SFIM/Sagem's AGS system to the United States Patent and Trademark Office.

32.     On information and belief, Betters withheld from the United States Patent and Trademark Office the information about the EHM Solution system and SFIM/Sagem's AGS system with deceptive intent, and in order to obtain the Patents in Suit.

## False Designation of Inventors

33.     The other named inventors of the Patents in Suit are Randell W. Livingston, Jr. ("Livingston") and Bob W. Whetsell ("Whetsell").

34.     On information and belief, Livingston is an attorney and Betters' business associate. Livingston was also a co-owner and an officer of Penn-Tex Aerospace, Inc. and a partner of PT Holding, LP.

35.     On information and belief, Livingston is an attorney without any formal training in avionics or computer science. On information and belief, Livingston did not make any substantive contribution to the claimed inventions of any of the Patents in Suit.

36.     On information and belief, Whetsell's training and experience is in sales and marketing. Whetsell is also a business associate of Betters. In particular, Whetsell was Executive Vice-President of Penn-Tex Aerospace, Inc. and was also associated with PT Holding, LP. On information and belief, Whetsell did not make any contribution to the claimed inventions of any of the Patents in Suit.

37.     In the course of applying for the patents-in-suit, Betters, Livingston and Whetsell filed declarations and oaths in the United States Patent and Trademark Office ("PTO"), in which they represented:

> I believe I am the original, … first and joint inventors … of the subject matter which is claimed and for which a patent is sought on the invention entitled SYSTEM AND METHOD OF ANALYZING AIRCRAFT REMOVAL DATA FOR PREVENTATIVE MAINTENANCE, the Specification of which … was filed on March 28, 2001 as Application Serial No, 09/821,842.

38.     In addition, Betters, Livingston and Whetsell filed declarations and oaths in the PTO, in which they represented:

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims.

I acknowledge the duty to disclose to the Patent and Trademark Office all information known to me to be material to patentability of the subject matter claimed in this application, as "materiality" is defined in Title 37, Code of Federal Regulations, § 1.56.

39.     On information and belief, notwithstanding the above declarations and oaths, neither Livingston nor Whetsell disclosed to the PTO that he did not make any contribution to the claimed inventions of any of the Patents in Suit.

40.     On information and belief, Livingston and Whetsell were named as inventors for deceptive reasons.  Livingston and Whetsell were named as inventors for business reasons, but did not make inventive contributions to the claimed inventions of the Patents in Suit.  Further, Livingston and Whetsell were named as inventors to conceal the fact that Betters had derived the invention from prior art to which he had been exposed at US Airways and/or elsewhere, including but not limited to the EHM Solution system and SFIM's AGS system.

41.     In view of Betters' failure to disclose material and non-cumulative prior art, including but not limited to the EHM Solution system and Sagem/SFIM's AGS system, to the PTO, with the intent of deceiving the PTO, Patents in Suit and all claims thereof are unenforceable due to inequitable conduct practiced during their prosecution.

42.     In view of Betters' failure to disclose to the PTO that he derived the claimed inventions from other inventions, including but not limited to the EHM Solution system and Sagem/SFIM's AGS system, the Patents in Suit and all claims thereof are unenforceable due to inequitable conduct practiced during their prosecution.

43.     In view of the named inventors' failure to disclose to the PTO that Livingston and/or Whetsell were not inventors of the claimed inventions of the Patents in Suit, the Patents in

Suit and all claims thereof are unenforceable due to inequitable conduct practiced during their prosecution.

44. The Patents in Suit and all claims thereof are unenforceable due to the totality of the inequitable conduct practiced during their prosecution.

## COUNTERCLAIMS

Defendant, Optimized Systems and Solutions, Inc. ("Defendant" or "OSyS" or "Optimized Solutions"), by and through its undersigned counsel, as and for its Counterclaims against PT Diagnostics, LLC ("Plaintiff") respectfully shows and alleges, based upon Defendant's personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

## THE PARTIES

45. Counterclaimant OSyS is a corporation organized and existing under the laws of the State of Delaware.

46. Based on Plaintiff's assertion in its Amended Complaint, Defendant alleges on information and belief that Plaintiff is a limited liability company organized under the laws of the State of Texas with its principal place of business at 207 B North Washington Ave., Marshall, Texas 75670.

## JURISDICTION AND VENUE

47. This is an action by Defendant and counterclaimant OSyS pursuant to Rule 13 of the Federal Rules of Civil Procedure for a declaratory judgment of non-infringement, invalidity, and unenforceability of United States Patents Nos. 6,567,729; 6,732,027; 6,959,236 and 7,359,777 ("the patents-in-suit").

48.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, because these counterclaims arise under the patent laws of the United States, set forth at 38 U.S.C. § 101 et seq.  As shown by the Amended Complaint for Patent Infringement filed by Plaintiff and the defenses raised by Defendant, this action presents an actual justiciable controversy with respect to the infringement, validity, and enforceability of the patents-in-suit. Accordingly, this Court may grant the relief sought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

49.     Personal jurisdiction exists over Plaintiff because, *inter alia*, Plaintiff has submitted itself to the jurisdiction of this Court by filing its Amended Complaint against Defendant.

50.     Venue is minimally proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.  However, OSyS maintains that another venue may be substantially more convenient and OSyS reserves its right to seek transfer of venue pursuant to 28 U.S.C. § 1404.

51.     Plaintiff claims to be the owner of the patents-in-suit, and has brought this suit against Defendant for alleged infringement of the patents-in-suit.  Based on Plaintiff's filing of this suit and Defendant's affirmative defenses, an actual controversy has arisen and now exists between Defendant and Plaintiff as to whether Defendant infringes the patents-in-suit, and whether the patents-in-suit is valid and enforceable.  Unless prevented through this Counterclaim, Plaintiff may and will continue to wrongfully assert that Defendant is infringing the patents-in-suit.

**FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT**

52.     Defendant realleges and incorporates by reference the allegations set forth above, including paragraphs 45-51 of its Counterclaims.

53.     Defendant has not infringed, either directly, indirectly, by contribution, or by inducement, or in any other way, any claim of the patents-in-suit, either literally or under the doctrine of equivalents, willfully or otherwise.

54.     Defendant requests a declaratory judgment that Defendant does not infringe and has not infringed, literally or by equivalents, directly or by inducement or contributory infringement, any claim of the patents-in-suit.

**SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY**

55.     Defendant realleges and incorporates by reference the allegations set forth above, including paragraphs 45-51 of its Counterclaims.

56.     Plaintiff alleges that each and every claim of the patents-in-suit is valid.

57.     Based on Plaintiff's filing of this suit and Defendant's affirmative defenses, an actual controversy has arisen and now exists between Defendant and Plaintiff as to the validity of the patents-in-suit.

58.     Defendant alleges that each and every claim of the patents-in-suit is invalid for failing to comply with one or more of the statutory requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103, 111, 112, 115, 116 and/or 132.

59.     There exists, therefore, an actual justiciable controversy between Defendant and Plaintiff with respect to the invalidity of each and every claim of the patents-in-suit.

60.     Defendant requests a declaratory judgment that each and every claim of the patents-in-suit is invalid.

## THIRD COUNTERCLAIM – INEQUITABLE CONDUCT

61.     Defendant realleges and incorporates by reference the allegations set forth above, including paragraphs 45-51 of its Counterclaims, and the allegations of its Eighth Affirmative Defense – Inequitable Conduct.

62.     Based on Plaintiff's filing of this suit and Defendant's affirmative defenses, an actual controversy has arisen and now exists between Defendant and Plaintiff as to the enforceability of the patents-in-suit.

63.     Defendant alleges that each and every one of the patents-in-suit, and every claim thereof, is unenforceable because of inequitable conduct practiced in the prosecution of the patents-in-suit.

64.     There exists, therefore, an actual justiciable controversy between Defendant and Plaintiff with respect to the invalidity of each and every claim of the patents-in-suit.

65.     Defendant requests a declaratory judgment that each and every patent of the patents-in-suit is unenforceable because of inequitable conduct practiced in the prosecution of the patents-in-suit.

## PRAYER FOR RELIEF

WHEREFORE, Defendant OSyS, having completely and fully provided its Answer to the Complaint, prays for a final judgment against PT Diagnostics, respectfully requesting the following relief:

A.   A judgment that the Complaint be dismissed with prejudice;

B.   A judgment that OSyS has not infringed, either individually or jointly with other defendants, the claims of the asserted patents;

C.   A judgment that the claims of the asserted patents are invalid or unenforceable;

D.   A judgment under 35 U.S.C. § 285 awarding OSyS its respective costs and reasonable attorneys' fees expended in defending and maintaining this action; and

E.   A judgment awarding OSyS such other and further relief as the Court may deem just and proper.

Respectfully submitted ,

/s/ Thomas J. Costakis ( w/perm. Wesley Hill)
Thomas J. Costakis – Lead Attorney
tcostakis@kdlegal.com
Marc T. Quigley
mquigley@kdlegal.com
Jason A. Houdek
jhoudek@ kdlegal.com
KRIEG DEVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana  46204-2079
Telephone:     (317) 636-4341
Facsimile      (317) 636-1507

J. Wesley Hill,
Tex. Bar No. 24032294
(wh@wsfirm.com)
WARD & SMITH LAW FIRM
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Defendant Optimized Systems and Solutions, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document has been filed electronically on April 6, 2011, and, therefore, service is complete on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ Wesley Hill
*Attorney for Defendant Optimized Systems and Solutions, Inc.*

KD_3332305_1.DOC