# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### MARSHALL DIVISION

| | | |
|---|---|---|
| PT DIAGNOSTICS, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO.  2:10-CV-493-DF-CE |
| v. | § | |
| | § | |
| HONEYWELL INTERNATIONAL | § | JURY TRIAL DEMANDED |
| INC., *et al.* | § | |
| | § | |
| *Defendants.* | § | |

## DEFENDANT FLIGHT DATA SERVICES, INC.'S ANSWER TO PT DIAGNOSTICS, LLC'S COMPLAINT FOR PATENT INFRINGEMENT

Flight Data Services, Inc. ("FDS"), defendant hereby responds to the numbered paragraphs of the Amended Complaint (Dkt. #39) ("the Amended Complaint") of Plaintiff PT Diagnostics, LLC ("PTD") as follows:[1]

### PARTIES

1.      FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Amended Complaint and, on that basis, denies those allegations.

2.      FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint and, on that basis, denies those allegations.

---

[1] FDS has incorporated the headings that appear in the Amended Complaint to facilitate the Court's comparison of PTD's allegations and FDS' responses to them. Nevertheless, FDS does not necessarily agree with the characterization in such headings and does not waive any rights to object to such characterizations or their implications.

3.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint and, on that basis, denies those allegations.

4.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint and, on that basis, denies those allegations.

5.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint and, on that basis, denies those allegations.

6.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint and, on that basis, denies those allegations.

7.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint and, on that basis, denies those allegations.

8.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and, on that basis, denies those allegations.

9.    FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint and, on that basis, denies those allegations.

10.    FDS admits the allegations set forth in paragraph 10 of the Amended Complaint.

11.     FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint and, on that basis, denies those allegations.

12.     FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint and, on that basis, denies those allegations.

13.     FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint and, on that basis, denies those allegations.

14.     FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint and, on that basis, denies those allegations.

15.     FDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint and, on that basis, denies those allegations.

JURISDICTION AND VENUE

16.     FDS admits that the Amended Complaint purports to assert an action arising under the patent laws of the United States, Title 35 of the United States Code.  FDS also admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     To the extent that the allegations in paragraph 17 of the Amended Complaint are directed to FDS, FDS denies any and all of those allegations.  To the extent that the allegations in paragraph 17 are directed to other defendants, FDS is without knowledge or information

3

sufficient to form a belief as to the truth of the allegations in this paragraph of the Amended Complaint, and therefore denies the allegations.

18.     To the extent that the allegations in paragraph 18 of the Amended Complaint are directed to FDS, FDS denies any and all of those allegations set forth and reserves its right to move the Court to transfer this action to another venue pursuant to 28 U.S.C. § 1404.  To the extent that allegations in this paragraph are directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

<u>CAUSES OF ACTION</u>

<u>COUNT I</u>
<u>INFRINGEMENT OF U.S. PATENT NO. 6,567,729</u>

19.     FDS incorporates by reference the foregoing paragraphs set forth herein.

20.     FDS admits that United States Patent No. 6,567,729 ("the '729 patent") is entitled "System And Method Of Analyzing Aircraft Removal Data For Preventative Maintenance" and that on its face the '729 patent indicates that it was issued on May 20, 2003.  FDS denies that the '729 patent was legally issued by the United States Patent and Trademark Office.  FDS admits that a copy of the '729 patent is attached to the Amended Complaint as Exhibit A.  FDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint, and therefore denies the remaining allegations.

21.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint, and therefore denies the allegations.

22.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint, and therefore denies the allegations.

23.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint, and therefore denies the allegations.

24.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint, and therefore denies the allegations.

25.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint, and therefore denies the allegations.

26.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and therefore denies the allegations.

27.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint, and therefore denies the allegations.

28.      FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint, and therefore denies the allegations.

29.      FDS admits that it offers to sell and sells a service using POLARIS software developed by FDS.  FDS denies POLARIS or any of its other products or services has infringed

or is infringing any valid and enforceable claim of the '729 patent, and therefore denies all remaining allegations in paragraph 29 of the Amended Complaint.

30.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and therefore denies the allegations.

31.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint, and therefore denies the allegations.

32.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint, and therefore denies the allegations.

33.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint, and therefore denies the allegations.

34.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint, and therefore denies the allegations.

35.     To the extent that the allegations in paragraph 35 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

36.     To the extent that the allegations in paragraph 36 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

COUNT II
INFRINGEMENT OF U.S. PATENT NO. 6,732,027

37.     FDS incorporates by reference the foregoing paragraphs set forth herein.

38.     FDS admits that United States Patent No. 6,732,027 ("the '027 patent") is entitled "System And Method Of Analyzing Operational Source Data" and that on its face the '027 patent indicates that it was issued on May 4, 2004.  FDS denies that the '027 patent was legally issued by the United States Patent and Trademark Office.  FDS admits that a copy of the '027 patent is attached to the Amended Complaint as Exhibit B.  FDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint, and therefore denies the remaining allegations.

39.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint, and therefore denies the allegations.

40.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, and therefore denies the allegations.

41.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and therefore denies the allegations.

42.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, and therefore denies the allegations.

43.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint, and therefore denies the allegations.

44.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint, and therefore denies the allegations.

45.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint, and therefore denies the allegations.

46.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint, and therefore denies the allegations.

47.     FDS admits that it offers to sell and sells a service using POLARIS software developed by FDS.  FDS denies POLARIS or any of its other products or services has infringed or is infringing any valid and enforceable claim of the '027 patent, and therefore denies all remaining allegations in paragraph 47 of the Amended Complaint.

48.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, and therefore denies the allegations.

49.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint, and therefore denies the allegations.

50.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint, and therefore denies the allegations.

51.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint, and therefore denies the allegations.

52.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint, and therefore denies the allegations.

53.     To the extent that the allegations in paragraph 53 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

54.     To the extent that the allegations in paragraph 54 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

COUNT III
INFRINGEMENT OF U.S. PATENT NO. 6,959,236

55.     FDS incorporates by reference the foregoing paragraphs set forth herein.

56.     FDS admits that United States Patent No. 6,959,236 ("the '236 patent") is entitled "System And Method Of Analyzing Operational Source Data" and that on its face the '236 patent indicates that it was issued on October 25, 2005.  FDS denies that the '236 patent was legally issued by the United States Patent and Trademark Office.  FDS admits that a copy of the '236 patent is attached to the Amended Complaint as Exhibit C.  FDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint, and therefore denies the remaining allegations.

57.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Amended Complaint, and therefore denies the allegations.

58.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint, and therefore denies the allegations.

59.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint, and therefore denies the allegations.

60.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint, and therefore denies the allegations.

61.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint, and therefore denies the allegations.

62.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Amended Complaint, and therefore denies the allegations.

63.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Amended Complaint, and therefore denies the allegations.

64.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the Amended Complaint, and therefore denies the allegations.

65.     FDS admits that it offers to sell and sells a service using POLARIS software developed by FDS.  FDS denies POLARIS or any of its other products or services has infringed or is infringing any valid and enforceable claim of the '236 patent, and therefore denies all remaining allegations in paragraph 65 of the Amended Complaint.

66.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Amended Complaint, and therefore denies the allegations.

67.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint, and therefore denies the allegations.

68.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint, and therefore denies the allegations.

69.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint, and therefore denies the allegations.

70.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint, and therefore denies the allegations.

71.     To the extent that the allegations in paragraph 71 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are also directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

72.     To the extent that the allegations in paragraph 72 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth.  To the extent that allegations in this paragraph are also directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

COUNT IV
INFRINGEMENT OF U.S. PATENT NO. 7,359,777

73.     FDS incorporates by reference the foregoing paragraphs set forth herein.

74.     FDS admits that United States Patent No. 7,359,777 ("the '777 patent") is entitled "System And Method Of Analyzing Aircraft Removal Data For Preventive Maintenance" and

that on its face the '777 patent indicates that it was issued on April 15, 2008.  FDS denies that the '777 patent was legally issued by the United States Patent and Trademark Office.  FDS admits that a copy of the '777 patent is attached to the Amended Complaint as Exhibit D.  FDS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint, and therefore denies the remaining allegations.

75.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Amended Complaint, and therefore denies the allegations.

76.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Amended Complaint, and therefore denies the allegations.

77.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Amended Complaint, and therefore denies the allegations.

78.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the Amended Complaint, and therefore denies the allegations.

79.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79 of the Amended Complaint, and therefore denies the allegations.

80.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Amended Complaint, and therefore denies the allegations.

81.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81 of the Amended Complaint, and therefore denies the allegations.

82.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 of the Amended Complaint, and therefore denies the allegations.

83.     FDS admits that it offers to sell and sells a service using POLARIS software developed by FDS.  FDS denies POLARIS or any of its other products or services has infringed or is infringing any valid and enforceable claim of the '777 patent, and therefore denies all remaining allegations in paragraph 83 of the Amended Complaint.

84.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 of the Amended Complaint, and therefore denies the allegations.

85.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Amended Complaint, and therefore denies the allegations.

86.     FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Amended Complaint, and therefore denies the allegations.

87. FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Amended Complaint, and therefore denies the allegations.

88. FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 of the Amended Complaint, and therefore denies the allegations.

89. To the extent that the allegations in paragraph 89 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth. To the extent that allegations in this paragraph are also directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

90. To the extent that the allegations in paragraph 90 of the Amended Complaint are directed to FDS, FDS denies all of the allegations set forth. To the extent that allegations in this paragraph are also directed to other defendants, FDS is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

## PRAYER FOR RELIEF

91. These paragraphs set forth the prayer for relief requested by PTD to which no response is required. FDS denies that PTD is entitled to any of the relief requested against FDS in paragraphs 1 through 4 of PTD's Prayer For Relief in its Amended Complaint and denies any allegations set forth in these paragraphs.

## JURY DEMAND

92. This paragraph sets forth the jury demand by PTD to which no response is required.

## AFFIRMATIVE DEFENSES

93.     FDS asserts the following defenses listed below.  FDS reserves the right to assert

additional defenses that become known through the course of discovery in this action.

## FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

94.     FDS has not infringed, and is not infringing, whether directly or indirectly,

literally or by equivalents, any valid and enforceable claim of any of the '729, '027, '236 and

'777 Patents.

## SECOND AFFIRMATIVE DEFENSE
(Invalidity)

95.     Each of the '729, '027, '236 and '777 Patents is invalid, in whole or in part, for

failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United

States Code § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or

132.

## THIRD AFFIRMATIVE DEFENSE
(Limitation on Damages)

96.     To the extent PTD may be entitled to damages, any claim for damages for patent

infringement asserted against FDS is limited under 35 U.S.C. § 287 to those damages (if any)

occurring after PTD filed its Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE
(Prosecution History Estoppel)

97.     The claims of each of the '729, '027, '236 and '777 patents are so limited by the

prior art, by their terms, and/or by representations made to the United States Patent and

Trademark Office during prosecution of the applications which resulted in the '729, '027, '236

16

and '777 patents, that none of the claims of the '729, '027, '236 and '777 patents are infringed by FDS.

## FIFTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

98.     PTD has an adequate remedy at law, and no basis exists for the grant of equitable relief.

## SIXTH AFFIRMATIVE DEFENSE
### (Limitation on Recovery of Costs)

99.     On information and belief, PTD is precluded from seeking recovery of its costs under 35 U.S.C. § 288.

## COUNTERCLAIMS

Counterclaim plaintiff Flight Data Services, Inc. ("FDS") alleges its counterclaims against counterclaim defendant PT Diagnostics, LLC ("PTD") as follows:

## PARTIES

1.     Counterclaim plaintiff FDS is an Arizona corporation with its principal place of business located in Goodyear, Arizona.

2.     On information and belief, counterclaim defendant PTD is a Texas limited liability company, with its principal place of business located in Marshall, Texas.

## JURISDICTION AND VENUE

3.     This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over PTD and venue is proper in this judicial district by reason, *inter alia,* of PTD instituting the present action before this Court in this judicial district.

## FIRST COUNTERCLAIM
### (Declaration of Non-Infringement)

6.    FDS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 of its Counterclaims.

7.    Based on PTD's allegations of infringement against FDS in its Amended Complaint, an actual controversy has arisen and now exists between the parties as to whether FDS has infringed (under any theory of infringement) any valid and enforceable claim of each of the '729, '027, '236 and '777 patents.

8.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* FDS requests a declaration by the Court that FDS does not infringe and has not infringed any valid and enforceable claim of each of the '729, '027, '236 and '777 patents, either literally or under the doctrine of equivalents, under any theory of infringement, including direct infringement (whether individually or jointly), indirect infringement (whether contributorily or by inducement) or willful infringement.

## SECOND COUNTERCLAIM
### (Declaratory Relief Regarding Invalidity)

9.    FDS re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5 of its Counterclaims.

10.    Based on PTD's allegations of infringement against FDS in its Amended Complaint, an actual controversy has arisen and now exists between the parties as to the validity of the claims of each of the '729, '027, '236 and '777 patents.

11.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* FDS requests a declaration by the Court that the claims of each of the '729, '027, '236 and '777 patents are invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, FDS respectfully requests that the Court:

(A)     Enter judgment in favor of FDS and against PTD,

(B)     Enter judgment declaring that FDS has not infringed, under any theory of infringement, any valid and enforceable claim of each of the '729, '027, '236 and '777patents;

(C)     Enter judgment declaring that each and every claim of the '729, '027, '236 and '777 patents is invalid;

(D)     Enter an order denying any and all requests for injunctive relief by PTD;

(E)     Enter an order awarding FDS its reasonable attorneys' fees and expenses against PTD pursuant to 35 U.S.C. § 285;

(F)     Enter an order awarding FDS its costs of suit against PTD pursuant to 35 U.S.C. § 284; and

(G)     Enter an order granting FDS such other and further relief as the Court deems just and appropriate.

<u>JURY DEMAND</u>

FDS hereby demands trial by jury on all issues.

Respectfully submitted,

Eric M. Albritton
Texas Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas Bar No. 00784008
see@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*Counsel for Flight Data Services, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 6th day of April, 2011.

Eric M. Albritton